

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Eugene Brady
County Attorney
Hunt County
Greenville, Texas

Dear Sir:

Opinion No. C-3303
Re: Is the contract between
the City of Greenville and
the depository for school
funds of Greenville Inde-
pendent School District
void where one of the stock-
holders and directors in
such depository is a member
of the school board, and
related questions?

Your recent request for an opinion of this department
on the questions herein stated has been received.

We quote from your letter as follows:

"Certain related questions of law have
arisen in connection with the membership of
a school trustee now serving upon the Board
of Education of Greenville Independent School
District in Greenville, Texas. My committee
has a vital concern in these questions.
Therefore, I am requesting your opinion there-
on.

"1. Is the contract between the City of
Greenville and the depository for school funds
of Greenville Independent School District
void where one of the stockholders and direc-
tors in such depository is a member of the
school board?

"2. Where a bank is the depository for
all funds of the city of Greenville, including

443

school funds, is it proper and legal for a
stockholder and director in such bank to serve
as a member of the school board?

"3. Is a trustee of the Greenville In-
dependent School District subject to removal
by the City Council if he is a director and
stockholder in a bank which is a depository
for the school funds?

"The above questions really, in my mind,
are but parts of one question, but I have
expressed it as above for clarity. It seems
to me that they boil down to the question:

"Can the City Council of the City of
Greenville contract with itself? Clearly
the Board of Education is the creature of
the Council. Where is the difference in
the Council contracting with itself or with
its creature?

"Our city was granted a special charter
in 1907. For your information set-forth
below you will find all provisions of that
charter, as amended, relating to schools:

"'Article 11, Sec. 16, Schools--The
City of Greenville an Independent School
District.--The City of Greenville shall con-
stitute an independent school district,
subject to the general school laws of the
State, except where in conflict with this
act, and the city shall have authority to
levy and collect taxes and appropriate funds
for the support and maintenance of the public
schools within its limits.

"'(a) Trustees.--How Appointed, Terms
of Office, Etc.--The trustees to constitute
a school board to the city shall hereafter
be appointed by the Council, but the trustees
now in office shall continue to serve until
the expiration of their respective terms,
and all vacancies caused by death, resigna-
tion, or other cause, shall be filled by

444

appointment in the same manner for the un-
expired term. The regular term of members
of the school board shall be two years, and
the regular appointment of members shall be
made at the first meeting of the Council in
May of each year, or as soon thereafter as
practicable, and the necessary numberrof
trustees shall be appointed to take the
place of those whose terms have expired. The
City Council of said city of Greenville shall
annually levy and assess the special tax for
the support of the public schools in that
city that has heretofore been or may be here-
after voted for that purpose by the qualified
voters in the city of Greenville, by an
ordinance duly passed by said City Council
upon the requisition of the board of trustees
of the public schools of the city of Green-
ville, said tax to be levied and assessed in
the same manner as is required by this act
in the levy and assessment of taxes for
general purposes.

"'Custodian School Fund.--The custodian
of other city funds, as provided in this act,
shall be the custodian of all public school
funds, upon the same terms and conditions as
other funds, and his bond shall cover said
school funds.

"'(c) How Funds Paid Out.--No school
funds shall be paid out except upon pay rolls
or warrants signed by the president of the
school board and countersigned by the secre-
tary of said board of trustees.

"'(d) Financial Statements.--It shall
be the duty of the school board to make such
financial statements or reports as may be
requested by the city council, and the coun-
cil may make or cause to be made all such
investigation as to the expenditure of funds
or the conduct of the schools as either may
deem proper.

"'(e) Trustees not to receive Compensa-
tion.--No member of the school board shall

Honorable Eugene Brady, Page 4

receive any compensation for his services in any capacity whatever, nor be interested directly or indirectly in any contract with or claim of demand of any character against, the school board of the city of Greenville. Any such contract, claim or demand shall be void, any member of said board who shall become interested in any such contract, claim, or demand, or shall buy or sell any school warrants or obligations of said board, and shall have any interest in any claim or obligations of said school board, shall be subject to removal by the City Council.'

"'Article IX. Sec. 1, Office of Treasurer to be let by Contract--The office of the city treasurer shall, instead of being appointed by the City Council, as heretofore, be let by contract to the highest and best bidder in the discretion of the City Council. The City Council shall, not less than thirty days prior to the expiration of the term of office of the present city treasurer, and every two years thereafter, advertise for bids for the said office, stating what said bids shall specify and the terms on which such bids shall be received, and shall appoint a city treasurer at its meeting on April 10, 1907, or as soon thereafter as practicable. Any treasurer appointed by the contract shall nevertheless be an officer of the city and subject to the same duties as a treasurer otherwise elected.

"'Said treasurer shall execute a bond payable to the city, to be approved by the City Council, and filed with the City Clerk, with not less than three solvent sureties, who shall own unincumbered real estate in Hunt County of as great a value as the amount of said bond or said treasurer may make said bond in some approved fidelity as surety company, penalty of said bond to be at least double the total revenue of the city for the preceding fiscal year and conditioned for the faithful performance of all duties and obligations devolving by law or ordi-nance upon said treasurer, and for the pay-

ment upon presentation of all checks drawn
upon said depository by the said clerk and
secretary of the board of education, when-
ever any fund shall be in said treasury ap-
plicable to the payment of said check, and
that the funds of the city shall be faith-
fully kept by the said treasurer, and with
the interest thereon accounted for according
to law.'

"'He shall receive and securely keep all
moneys belonging to the city, and make all
payments for the same upon an order by the
city, and make all payments for the same
upon an order by the mayor, and attested by
the clerk and the seal of the corporation,
except the payment into the school fund shall
be upon the order of the board of education
and attested by the secretary of said board;
provided, that no order shall be paid unless
it shows upon its face that the City Council
and Board of Education, as the case may be,
has ordered its issuance, and for what pur-
pose. He shall render a full and correct
statement of his receipts and payments to
the City Council at their first regular
meeting in every month, and at such other
times as the Council may require. He
shall perform such other acts and duties
as the Council may require, and receive for
his services $5.00 per annum; provided that
the City Clerk shall be ex-officio city
treasurer until the City Council shall select
a City Treasurer in accordance with the
provisions of the article.

"As you will note from the charter pro-
visions noted above the personnel of the
Board of Education is appointed by the City
Council. Also, that all funds withdrawn for
the school funds in the depository are taken
out on the order of the school board."

In opinion No. 0-2856, this department, under the
facts stated in the inquiry requesting said opinion, held

Honorable Eugene Brady, Page 6

"In conclusion, we beg to advise you
that in our opinion (1) the contract made by
the Board of Trustees of the Trinity Inde-
pendent School District designating as de-
pository the bank, three of whose directors
are trustees, is void; (2) the trustees are
not subject to criminal prosecution under
Article 373 of the Penal Code; (3) upon
necessary findings of fact by a court or
jury, the trustees may be removed from office
by the procedure provided by Article 5,
Section 24 of the Constitution of Texas, and
Title 100, Revised Civil Statutes, 1925."

The above mentioned opinion quotes in full Con-
ference Opinion No. 2785 of this department, dated Sep-
tember 16, 1929, appearing on page 127 of the Attorney
General's published reports for 1928-1930, which holds:
"that a stockholder or officer of a corporation acting
as a depository for an independent school district would
not be eligible for appointment or election as trustee
of said school district." We are enclosing a copy of
opinion No. O-2656 for your information.

We do not think that the two opinions mentioned
above are applicable to the questions under consideration,
as the facts relative to those opinions are not analogous
to the facts presented in your inquiry. It will be noted
that in the two opinions, mentioned above, it was the duty
of the school board to select the depository for the school
funds. However, in the situation presented in your inquiry,
there is no duty imposed upon the school board to select
the depository for the school funds, but on the contrary,
the City Council selects the depository for all city funds,
including all public school funds, and the school trustees
are appointed by the City Council, all of which is shown
by certain provisions of the city's charter quoted above.
As we understand the facts and the provisions of the city's
charter, there is no contract between the school board
and the city depository which is also the depository for
the school funds. We do not think that the question of
the City Council of the city of Greenville contracting
with itself is presented in the inquiry. Neither do we
think that the situation of the City Council contracting
with itself or with its creature is presented. With refer-
ence to the term "its creature" we assume that you refer
to the school board which is appointed by the City Council.

Honorable Eugene Brady, Page 7

It appears to us, under the facts stated, that the City Council contracts with the city depository which is no part of the City Council or no part of the school board except that a member of the school board is also a stockholder and director in the city depository.

In view of the foregoing facts and the provisions of the charter quoted above, the three questions as stated above are respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED JUL 15, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:CO



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN